In re Eric James CAMPBELL and
Davia Campbell, Debtors.

In re Brent Millman and Kerry
Millman, Debtors.

Eric James Campbell; Davia
Campbell, Appellants,

v.

Verizon Wireless S–CA; the Finance
Company; David Skelton, Chapter
13 Trustee, Appellees.

Brent Millman; Kerry Millman,
Appellants,

v.

Capital One Bank; Robinson's May;
Thomas H. Billingslea, Jr., Chapter
13 Trustee, Appellees.

BAP Nos. SC–05–1012–MOPAN, SC–05–
1013–MOPAN, SC–05–1014–MOPAN,
SC–05–1015–MOPAN.
Bankruptcy Nos. 04–00772–
JM13, 03–11231–JM13.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Filed Dec. 14, 2005.

Michael G. Doan, Doan, Levinson & Liljegren, Carlsbad, CA, for Eric James Campbell aand Davia Campbell.

Nicholas P. Spallas, Bass & Associates, Tucson, AZ, for Verizon Wireless.

Michael Weintraub, San Diego, CA, for David L. Skelton, trustee.

Michael Koch, San Diego, CA, for Thomas H. Billingslea, Jr., trustee.

Before: MONTALI, PAPPAS, and NIELSEN,[1] Bankruptcy Judges.

1. Hon. George B. Nielsen, Jr., United States Bankruptcy Judge for the District of Arizona, sitting by designation.

## OPINION

MONTALI, Bankruptcy Judge.

As we held in *In re Heath*, 331 B.R. 424 (9th Cir. BAP 2005), a claim objection that does not actually contest the debtor's liability or the amount of the debt is insufficient to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c).[2] The bankruptcy court overruled several claims objections on this basis. We AFFIRM.

We publish to clarify that *Heath* is narrower than both the creditor-advocates and the debtor-advocates in these appeals appear to believe. On the one hand, a proof of claim filed without sufficient documentation does lack prima facie validity: the claim very likely will not survive a bona fide legal or factual objection absent an adequate response by the creditor. On the other hand, a debtor's admission of liability on the bankruptcy schedules also has consequences: the debtor might be able to withdraw that admission, but the legal and evidentiary consequences will depend on the normal rules governing admissions and estoppel.

## I. FACTS

The above-captioned debtors ("Debtors") filed two separate Chapter 13 cases but are represented by the same attorneys and filed nearly identical objections to four claims. Each objection states that the creditor did not "provide proper documentation to support its claim." Each objection concedes that the debt was scheduled as undisputed. Each objection then alleges:

[Debtors] had no way to verify the amount of or the validity of the interest being charged, the amount [or] validity of other charges, or the validity of any other term of the account because [Debtors] did not have copies of the writings on which the account was based. Debtors, by their nature, are typically unsophisticated consumers who lack the knowledge and ability to understand credit transactions, average daily balance computations, and the precise method to determine accrued interest on an account.

The objections are supported by Debtors' declarations with boxes checked next to the following statements:

[X]   Proof of claim fails to contain *supporting documents* (FRPB 3001c [sic])

[X]   Creditor has *not attached* proof of legally enforceable contract satisfying the statute of frauds ([California Civil Code § ] 1624).

\*      \*      \*      \*      \*      \*

[X]   Debtor(s) *need proof* of purchases and statements of account to verify whether charges were authorized or made by [D]ebtor(s). [Emphasis added.]

The declarations thus focus on lack of documentation. They do not actually allege any reason to believe that some charges might be unauthorized, or that Debtors did not enter into contracts, or any other reason to question their liability or the amounts claimed. Nor do the declarations suggest that Debtors have lost their monthly credit card statements or have attempted to obtain copies of those

---

**2.** Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, Apr. 20, 2005, 119 Stat. 23.

statements or other information from their creditors.

Nevertheless, no creditors filed an opposition. Nor was any opposition filed by Thomas H. Billingslea, Jr., Chapter 13 Trustee for Brent and Kerry Millman, ("Millmans' Trustee"). An opposition was filed by David L. Skelton, Chapter 13 Trustee for Eric and Davia Campbell ("Campbells' Trustee"), but that opposition was later withdrawn. The bankruptcy court nevertheless sua sponte issued a Notice of Prove–Up Hearing re Objection to Claims in each case (the "Prove–Up Notices").

The Prove–Up Notices state that a hearing will be held "to determine the appropriateness of limiting or disallowing the claim," and:

> The debtor must be prepared to come forward with independent evidence as to why they [sic] do not owe the debt asserted in the proof of claim. The court will not sustain an objection based solely on an alleged technical defect in the proof of claim, where the debtor has a good faith belief that, as of the petition date, there was a legitimate debt owed to the creditor.

Therefore, the Court requires the following information be filed at least seven days prior to the hearing:

> 1) A declaration from the debtor indicating their [sic] belief *as of the petition date* as to the amount that was owed to the creditor in question, independent of any issues raised about the adequacy of the proof of claim itself. If the debtor believes that the amount owed is different from what is set forth in the proof of claim, they [sic] shall provide an explanation to justify the discrepancy. [Emphasis in original.]

Hearings on all of Debtors' objections were held on the same morning. No creditors appeared but there were appearances by an attorney for Debtors and attorneys for the Chapter 13 trustees. The Millmans' attorney stated "we will submit based on the pleadings" and confirmed that, in the words of the bankruptcy court, "this is the same scenario as just the previous case." Transcript Dec. 21, 2004 (Millmans), p. 3:12–16. There is no transcript of this previous case in the excerpts of record. The same attorney appeared for the Campbells and stated that once again they would submit on the pleadings. Transcript Dec. 21, 2004 (Campbells), p. 3:6–7. The bankruptcy court entered orders overruling Debtors' objections to claims.[3]

Debtors filed timely notices of appeal in both bankruptcy cases and filed joint, consolidated briefs regarding both of these closely related appeals, as permitted by

---

**3.** The orders are on forms submitted by Debtors. Those forms would have *sustained* the objections to claims but they are stamped "not approved" and signed by the court. We interpret these as orders overruling the objections to claims.

The Campbells' attorney did not address one of their written grounds for disallowance of some claims: the alleged discharge of debts in their bankruptcy cases in 2001 and 2002. The attorney for Millmans' Trustee suggested that there was insufficient evidence of such discharge. The bankruptcy court stated to the Campbells' attorney, "So in this scenario where I will not sign this order [disallowing a claim], this is not prejudice to your client deciding to seek to address this claim on another basis at a future time after proper notice." Transcript Dec. 21, 2004 (Campbells), p. 4:16–19. We interpret this comment to mean that the Campbells could file claims objections in the future based on the alleged discharge of debts in their prior bankruptcy cases, but such objections would have to be supported by proper declarations and argument. *See* 11 U.S.C. § 502(j); Fed. R. Bankr.P. 3008.

orders of the BAP Clerk.[4] Separate briefs were filed by the Campbells' Trustee, the Millmans' Trustee, and creditor Verizon Wireless S–CA ("Verizon") (collectively, "Appellees").[5] On October 3, 2005, the parties were directed to be prepared to discuss the impact of *Heath,* 331 B.R. 424, on these appeals.

## II.  ISSUE

■ Does *Heath* require affirmance?[6]

## III.  STANDARDS OF REVIEW

■ The proper interpretations of statutes and rules are legal questions that we review de novo. *In re LPM Corp.,* 300 F.3d 1134, 1136 (9th Cir.2002). Whether compliance with a given statute or rule has been established is generally a question of fact, which we review for clear error. *In re Consol. Pioneer Mortgage,* 178 B.R. 222, 225 (9th Cir. BAP 1995) (compliance with Rule 3001 is a question of fact reviewed for clear error), *aff'd,* 91 F.3d 151 (9th Cir. 1996) (table). If there are no genuine disputes of material fact and the bankruptcy court essentially treats the matter as a summary judgment proceeding then we review the matter as such, under the de novo standard. *In re Aquaslide 'N' Dive Corp.,* 85 B.R. 545, 547 (9th Cir. BAP 1987).

4.  No party has questioned the finality of the orders on appeal, and we are satisfied that we have jurisdiction. *See generally, In re Los Gatos Lodge, Inc.,* 278 F.3d 890, 894 (9th Cir.2002).

5.  It is not clear that Verizon is a proper party to this appeal because it did not participate in proceedings before the bankruptcy court. *See generally Heath,* 331 B.R. at 429–430. On the other hand, Verizon's brief on this appeal suggests that Verizon was not properly served with the claims objection in the Campbells' present or earlier bankruptcy cases. We assume without deciding that Verizon can participate because we would reach the same result with or without its brief.

## IV.  DISCUSSION

■ We recently held that a claim objection that does not actually contest the debtor's liability or the amount of the debt is not enough to disallow a proof of claim, even if the proof of claim lacks the documentation required by Rule 3001(c). *Heath,* 331 B.R. 424. "We will not overrule our prior rulings unless a Ninth Circuit Court of Appeals decision, Supreme Court decision or subsequent legislation has undermined those rulings." *In re Ball,* 185 B.R. 595, 597 (9th Cir. BAP 1995).

■ On this appeal Debtors raise the same arguments rejected by *Heath:* that the proofs of claim lack prima facie validity and must be disallowed under Rules 3001(c) and (f); and that it would be inequitable and would violate due process to put the burden on Debtors to investigate the possible grounds to disallow claims when creditors have not complied with Rule 3001 by attaching various documents. Appellees advance many of the arguments that we found persuasive in *Heath:* that under Section 502 the grounds for objection to claims do not include a lack of compliance with Rule 3001(c); that the procedure for claims allowance or disallow-

We also believe that both Chapter 13 trustees can argue on this appeal in support of the bankruptcy court's orders even though they did not oppose Debtors' objections to claims until the bankruptcy court issued its Prove-Up Notice. *See generally Heath,* 331 B.R. at 429–430. No party has suggested otherwise.

6.  Debtors raise other issues that we will not consider because they were not raised before the bankruptcy court. "The rule in this circuit is that appellate courts will not consider arguments that are not 'properly raise[d]' in the trial courts." *In re E.R. Fegert, Inc.,* 887 F.2d 955, 957 (9th. Cir.1989) (citations omitted).

ance is designed to be speedy and inexpensive; that Section 502(a) deems claims allowed; that Debtors cannot overcome that presumption by filing objections that do not actually dispute the liability or amount of the claim; and that nothing in this statutory scheme violates due process or equitable principles. *Heath,* 331 B.R. at 431–438.[7]

Debtors raise one factual matter that might distinguish their situation from that in *Heath* if it were true. They allege that in fact they did submit "evidence of non-enforceability" of their creditors' claims sufficient for disallowance under Section 502(b). Debtors' Reply Brief on this appeal alleges that each of them declared under penalty of perjury that "there was no underlying contract." This mischaracterizes the declarations. The declarations do not deny that Debtors incurred charges pursuant to credit card agreements or other contracts. They only assert that no "proof of [a] legally enforceable contract satisfying the statute of frauds" is "attached" to the proofs of claim. That is either a legal conclusion that all credit card agreements and other revolving credit arrangements violate the statute of frauds or it is just another way of advancing the argument, rejected in *Heath,* that Rule 3001(c) requires copies of all such

agreements to be attached and that non-compliance with Rule 3001(c) is sufficient by itself to disallow a claim.

Debtors' Reply Brief also alleges that their declarations "disputed the charges were actually [theirs]." Again, this mischaracterizes the declarations. Debtors do not allege that they were charged for goods or services they did not receive, or that there was a mathematical error in computing an interest charge or fee. The declarations only state that "Debtor(s) need proof of purchases and statements of account to *verify* whether charges were authorized or made by debtor(s)." (Emphasis added.)

The declarations' vague assertions and legal conclusions do not actually contest liability or the amount of the claims. There is no factual basis to distinguish *Heath. See Heath,* 331 B.R. at 431–438. *See also In re Guidry,* 321 B.R. 712, 715 (Bankr.N.D.Ill.2005).

■■■ In the alternative Debtors raise a legal argument that is a slight variation on those raised in *Heath.* They argue that Section 502(b)(1) requires disallowance of claims that are unenforceable under applicable law, which is true,[8] and that such applicable law "necessarily incorporates [Rule] 3001," which is incorrect. Rules

---

7. Verizon also alleges that with all relevant documents attached its proof of claim "would have included over 65 pages of itemized charges," and it argues that it would have had to manually redact each account statement to remove account numbers in accordance with federal regulations, citing 15 U.S.C. § 1637(b) and 12 C.F.R. 226.7. Even then, it argues, Debtors' privacy rights could be compromised by filing the types of documentation that Debtors demand because account statements can show personal charging habits and, potentially, medical information.

8. Section 502 states in relevant part:
    (a) A claim or interest, proof of which is filed under section 501 of this title, is

deemed allowed, unless a party in interest ... objects.
    (b) Except as provided [in inapplicable subsections], if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
        (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
11 U.S.C. § 502(a) and (b)(1).

cannot expand the statute; they are not law; and as we stated in *Heath*, noncompliance with Rule 3001(c) is not one of the statutory grounds for disallowance. *Heath*, 331 B.R. at 435 (citing *In re Dove–Nation*, 318 B.R. 147, 150–51 (8th Cir. BAP 2004)). *See also* 28 U.S.C. § 2075 (rules "shall not abridge, enlarge, or modify any substantive right").

For all of these reasons *Heath* applies and we affirm the bankruptcy court's orders overruling Debtors' objections to claims.

■■■ We emphasize, as we did in *Heath*, that a creditor who files a proof of claim that lacks sufficient support under Rule 3001(c) and (f) does so at its own risk. That proof of claim will lack prima facie validity, so any objection that raises a legal or factual ground to disallow the claim will likely prevail absent an adequate response by the creditor. Moreover, a creditor's lack of adequate response to a debtor's formal or informal inquiries "in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim." *Heath*, 331 B.R. at 437 (citations omitted).

■■■ We also emphasize, as we did in *Heath*, that although Debtors' admissions in their bankruptcy schedules can be binding that is not the basis of our decision. The bankruptcy court did not rely on those admissions and we need not decide whether they would bar Debtors' claims objections, or whether Debtors can amend their bankruptcy schedules to withdraw their admissions, or whether even after such withdrawal there might be some residual evidentiary effect of having once admitted the liability and amount of the debt, or whether some form of estoppel would apply if reliance and other elements were shown. *See generally Heath*, 331 B.R. at

431. Neither *Heath* nor this opinion should be construed as implying any change in the law regarding admissions, withdrawal of admissions, and the legal or evidentiary effect of such.

■■■ In other words, when a debtor objects to a creditor's proof of claim that does not conform with Rule 3001(c) by including copies of the documentation on which it is based, the bankruptcy court should resolve the issues by reference to the usual burdens of proof associated with claims litigation. In doing so, the bankruptcy court may properly consider as admissions or evidence any information contained in debtor's bankruptcy schedules, and may also consider the creditor's failure to provide relevant documentation.

Ultimately, as in *Heath*, the issue is quite narrow:

> [Debtors] filed objections that relied solely on the alleged lack of prima facie validity of the proofs of claim. That is not a sufficient objection recognized by Section 502, which deems claims allowed and directs that the bankruptcy court "shall" allow claims with limited exceptions that were not alleged by Debtors.

*Heath*, 331 B.R. at 437–438.

## V. CONCLUSION

Objections without substance are inadequate to disallow claims, even if those claims lack the documentation required by Rule 3001(c). Debtors have not shown any actual disagreement as to their liability or the amounts claimed by their creditors. The bankruptcy court's orders overruling their objections are AFFIRMED.