**IN RE: Sarah Ann SHEEDY, Debtors.**

**16–44580–BDL**

United States Bankruptcy Court,
W.D. Washington,
at Tacoma.

Entered April 18, 2017

1. Debtor's petition (ECF No. 1) indicates that

Travis A. Gagnier, Law Offices of Travis Gagnier, Inc., PS, Federal Way, WA, for Debtor.

## ORDER DENYING CLAIM OBJECTION

Brian D. Lynch, U.S. Bankruptcy Judge

The Chapter 13 Trustee filed an Objection to the Proof of Claim (ECF No. 19) filed by creditor IQ Data International (Claim No. 1). Trustee sought disallowance of the claim in its entirety. The sole basis for disallowance cited in the claim objection was that the claim was not filed with supporting documentation and as such was not entitled to prima facie validity pursuant to Fed. R. Bankr. P. 3001(c).

Debtor commenced this case on November 4, 2016. The bar date for filing proofs of claim was March 8, 2017. Debtor filed her schedules on the petition date, and listed on her Schedule F a general unsecured debt of $626.00 to "Iq Data International," based on "Collection Attorney, Monterra Apartments Wa."

IQ Data International filed its claim on November 22, 2106 for $631.72. The claim consisted of the completed Form 410 Proof of Claim form and had two pages attached. The first page is identified as a "Print Debtor Work Card" and indicates a claimant of Monterra Apartments (WA) with debtor names of Sarah Ruiz[1] and Danielle

she has also used the names "Sarah Ann

Eberly. This sheet gives dates for when the debt was assigned, last charged, last letter, and last worked. It indicates $388.05 was assigned, which is also listed as the principal amount due, plus interest calculated at 12% of $243.66 for the total claim of $631.72. The second page attached gives the address of the Monterra Apartments, identifies information related to a lease (move in date, move out date, lease start date, lease end date, monthly rental amount), again identifies Sarah Ruiz and Danielle Eberly as the debtors and indicates two charges—a nonrefundable cleaning fee incurred on September 14, 2011 and a "billback water/sewer" incurred the same date. Amounts are given for each charge, which total $388.05.

The creditor did not respond to Trustee's objection to claim, and so Trustee submitted an order sustaining the objection as an uncontested motion pursuant to Local Rules W.D. Bankr. 9013–1(f). The Court lodged the order requesting further information from the Trustee as to why the objection was filed. Trustee's counsel appeared at the hearing date for the objection, March 22, 2017, and explained that the concern was that the claim was based on a writing (the lease) and a copy of that writing was not provided, as Rule 3001(c)(1) requires. Trustee also expressed a systemic concern that creditors be encouraged and required to comply with the Rule 3001's requirements when filing proofs of claim.

The Bankruptcy Appellate Panel considered this same issue in two companion cases in 2005—*Heath v. American Express Travel Related Svcs. Co. (In re Heath)*, 331 B.R. 424 (9th Cir. BAP 2005)(considering claim objections for lack of documentation in chapter 7 case) and *Campbell v. Verizon Wireless S–CA (In re Campbell)*, 336 B.R. 430 (9th Cir. BAP 2005)(same as to chapter 13 cases). Both cases considered

claims objections that solely raised issues as to the documentation provided, without any contest as to the debtor's liability or the amount of the debt. In both cases, the BAP held that 11 U.S.C. § 502(b) identifies the exclusive bases for disallowing claims. Failure to comply with Rule 3001(c) is not included as a ground for disallowance in 11 U.S.C. § 502(b). *Heath*, 331 B.R. at 431–432. The *Heath* decision also considered equitable arguments, such as whether debtors should have to bear the costs and burden of discovery to get more information about a claim and Trustee's argument that excusing inadequate documentation could lead to creditors abusing the system. *Heath*, 331 B.R. at 434. The Court was not persuaded that such arguments should override the statutory mandates of Section 502 that a claim "shall" be allowed unless one of the limited grounds in the statute for disallowance was established. *Id.* at 435. Nothing about the statutory scheme was found to violate either due process or equitable principles. *Heath*, 331 B.R. at 431–438; *Campbell*, 336 B.R. at 435.

Assuming for purposes of this decision that the documentation provided by IQ Data is insufficient under Rule 3001(c), if a party raises a substantive objection to the proof of claim, at a subsequent hearing, a proof of claim lacking proper documentation is not entitled to the presumption of validity and amount, and to subject the claimant to the evidentiary sanction of being barred from presenting documents at a subsequent· evidentiary hearing on a disputed claim. *See In re Richter*, 478 B.R. 30, 45–46 (Bankr. D. Colo. 2012). But a failure to attach sufficient documentation is not a basis for disallowance of a claim.

While Trustee's objection to the claim here is couched as saying he needed documentation to "determine whether a basis exists for allowing the filed claim," no po-

Ruiz–Sheedy" and "Sarah Ann Ruiz" in the     last eight years.

tential challenge to enforceability under Section 502(b) was raised either in the pleading or identified by Trustee's counsel at the hearing. And none seems likely where the Debtor scheduled this debt, owed to this creditor, in an almost identical amount. *Heath,* 331 B.R. at 431 ("bankruptcy schedules can constitute admissions under Fed. R. Evid. 801(d)(2))").

Relying on the plain language of 11 U.S.C. § 502 and Rule 3001 and the holdings of *Heath* and *Campbell,* the Court sees no valid reason to disallow IQ Data's claim.

Trustee's Objection to Proof of Claim Number 1 filed by IQ Data International, Inc. is HEREBY DENIED.

It is SO ORDERED.