IN RE: Ryan Lyndsey NORRIS, Debtor.

16–44297–BDL

United States Bankruptcy Court, W.D. Washington, At Tacoma.

Signed April 19, 2017

Maria S. Stirbis, Liberty Law LLC, Lakewood, WA, for Debtor.

## ORDER DENYING CLAIM OBJECTION WITHOUT PREJUDICE

Brian D. Lynch, U.S. Bankruptcy Judge

The Chapter 13 Trustee filed an Objection to Claim as to three Proofs of Claim (ECF No. 24) filed by creditor Tosh, Inc. dba Check City (Claim Nos. 11,12, 13), seeking disallowance of the claims in their entirety. The sole basis for disallowance cited in the claim objection was that the claims lacked evidentiary support. According to the Trustee, the lack of supporting documentation meant the claims were not entitled to prima facie validity pursuant to Fed. R. Bankr. P. 3001(c), and the Trustee needed more information to determine whether a basis existed to allow the claims. The Court concludes that the claims do have sufficient evidentiary support, although two of the claims raise questions about their validity. However, a lack of evidentiary support is not of itself a basis for disallowance of a claim.

Debtor commenced this case on October 14, 2016. The bar date for filing proofs of claim was February 15, 2017. Debtor filed his schedules on October 31, 2017. Debtor scheduled one debt to "Check City" for $5,609.00 on his Schedule F, with the notation the debt was based on a payday loan.

Creditor Tosh, Inc., dba Check City, filed the three claims on December 12, 2016. Claim number 11 was filed for $7,831.85. In addition to the completed Form 410 Proof of Claim Form, a "Bankruptcy Rule 3001(c)(2)(A) Statement" was provided that itemized the principal amount due, interest, fees, expenses and charges incurred before the petition date and also gave the date the account was opened (08/15/2014), the last payment date ("unable to determine"), the last purchase date ("unable to determine"), the charge off date (9/23/14) and the original creditor name (Check City). Per this statement, there was a principal balance of $2,652.74, interest of $4,965.48 and fees of $213.63, to reach the total claim of $7,831.85. Lastly, the claim includes a copy of a "Consumer Installment Loan Agreement" between Debtor and Tosh, Inc. d/b/a Check City dated August 15, 2014 under which Debtor financed $2,935.12 at 24% interest and fees, for total payments to be made (pursuant to the payment schedule set forth in the agreement) of $7,446.68.

Claim number 12 was filed for $902.86. It also contains the Form 410 and a "Bankruptcy Rule 3001(c)(2)(A) Statement" in the same format. Claim number 12 indicates principal of $95.52, interest of $118.18, and fees of $689.16. It indicates the same dates for account opening, last payment and purchase dates, charge off date and original creditor as Claim number 11. Claim number 12 attached the same Consumer Installment Loan Agreement as was attached to Claim number 11.

Claim number 13 was filed for $876.14. It also contains the Form 410 and a "Bankruptcy Rule 3001(c)(2)(A) State-

ment" in the same format and with the same dates. Claim number 13 indicates principal of $84.40, interest of $91.46, and fees of $700.28. Claim number 13 also attaches a Consumer Installment Loan Agreement, but it is yet another copy of the same loan agreement attached to Claim number 11.

■■■ The creditor did not respond to Trustee's objection to claims, but instead filed another proof of claim (Claim Number 23) on February 21, 2017 in the name of Check City.[1] Claim number 23 states that it amends another claim on file, but does not indicate what prior claim it is meant to amend and was docketed as a separate claim. It was filed for $8,789.77 for a "money loan," and attaches the same August 15, 2014 Consumer Installment Loan Agreement that was attached to the other three claims filed. Claim number 23, though, lacks the "Bankruptcy Rule 3001(c)(2)(A) Statement" showing how the claim was calculated, making it difficult to correlate or associate with any of the prior claims.

As there was no response to the original objection, Trustee submitted an order sustaining the original objection on March 10, 2017 as an uncontested motion pursuant to Local Rules W.D. Bankr. 9013–1(f). The Court lodged the order requesting further information from the Trustee as to why the objection was filed. Trustee's counsel appeared at the hearing date for the objection, March 22, 2017, and explained that the concern was that the claim failed to state the "Last Payment Date." Trustee also expressed a systemic concern that creditors be encouraged and required to

---

1. The Chapter 13 Trustee has also filed an Objection to Claim as to this proof of claim, on the grounds it is time-barred because it was filed after the bar date. (ECF No. 35) That claim objection is set for hearing on May 10, 2017 and has not come before the Court for decision yet. If Claim number 23 is meant to be an amendment to flesh out or correct the numbers on a timely filed claim, but was docketed incorrectly as a new claim, the bar date would not apply. *See Roberts Farms Inc. v. Bultman (In re Roberts Farms)*, 980 F.2d 1248, 1252 (9th Cir. 1992); *In re Unioil Inc.*, 962 F.2d 988, 992 (10th Cir. 1992).

comply with the Rule 3001's requirements when filing proofs of claim.

■ The requirement in Rule 3001(c)(3)(A)(iii) that the claim state "the date of the last payment on the account" only applies to "an open-end or revolving consumer credit agreement."[2] None of Tosh, Inc.'s three claims (Nos. 11, 12 and 13) are by the terms of the contract an open-ended or revolving line of credit subject to Rule 3001(c)(3)'s requirements. All three appear to be based on a contract that was designed to be an installment loan, with a set term and repayment schedule. The contract is captioned on its face as an installment loan contract and does not contain anywhere in its terms a reference to further advances or conversion into a line of credit. Moreover, it appears the creditor did comply with the portion of Rule 3001 that applied to it, Rule 3001(c)(1) and (2)(A), by attaching the writing on which the claim is based, and a "Bankruptcy Rule 3001(c)(2)(A) Statement" itemizing interest, fees, expenses and charges.

■ Even if this claim did rely on an open-end or revolving consumer credit agreement, the objection to the claim is improper. The Bankruptcy Appellate Panel considered the treatment of claims that do not comply with Rule 3001(c)'s documentation requirements in two companion cases in 2005—*Heath v. American Express Travel Related Svcs. Co. (In re Heath)*, 331 B.R. 424 (9th Cir. BAP 2005)(considering claim objections for lack of documentation in chapter 7 case) and *Campbell v. Verizon Wireless S–CA (In re Campbell)*, 336 B.R. 430 (9th Cir. BAP 2005)(same as to chapter 13 cases). Both cases considered claims objections that solely raised issues

as to the documentation provided, without any contest as to the debtor's liability or the amount of the debt. In both cases, the BAP held that 11 U.S.C. § 502(b) identifies the exclusive bases for disallowing claims. Failure to comply with Rule 3001(c) is not included as a ground for disallowance in 11 U.S.C. § 502(b). *Heath*, 331 B.R. at 431–432. The *Heath* decision also considered equitable arguments, such as whether debtors should have to bear the costs and burden of discovery to get more information about a claim and Trustee's argument that excusing inadequate documentation could lead to creditors abusing the system. *Heath*, 331 B.R. at 434. The Court was not persuaded that such arguments should override the statutory mandates of Section 502 that a claim "shall" be allowed unless one of the limited grounds in the statute for disallowance was established. *Id. at* 435. Nothing about the statutory scheme was found to violate either due process or equitable principles. *Heath*, 331 B.R. at 431–438; *Campbell*, 336 B.R. at 435. And by its terms, disallowance of a claim is not one of the remedies for failure to comply with the Rule. Rule 3001(c)(2)(D) provides that if a claimant fails to comply with Rule 3001(c)(3), a court may preclude the holder of a claim from presenting evidence of the omitted information in a contested matter or adversary proceeding unless the court determines that the failure was substantially justified or is harmless; or award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure, *See In re Richter*, 478 B.R. 30, 45–46 (Bankr. D. Colo. 2012).

■ The debtor acknowledges an obligation to Check City, the dba for Tosh,

**2.** An open-end or revolving credit agreement is one where (1) creditor reasonably contemplated repeated transactions, (2) the credit agreement provide for financing charges on outstanding balances and (3) credit will be available to the extent that any outstanding balance is repaid, up to any limit set by the creditor. Truth in Lending Act (Regulation Z), 12 C.F.R. § 226.2(a)(20); *In re Stratton*, 299 B.R. 616, 620 (Bankr. D. Ore. 2003).

Inc., on his Schedule E/F for $5,609, and bankruptcy schedules can constitute admissions under Evidence Rule 801(d)(2). *Heath*, 331 B.R. 431. There are some legitimate questions about why there are multiple claims for what appears to be one debt. In particular, the genesis of claim numbers 12 and 13 is not apparent to the court. Their principal balances do not align with the amount financed under the August 15, 2014 installment contract, but the creditor has submitted only that document in support of those claims. It is unclear whether these were additional loans issued under the contract or whether they were additional loans under another contract but the wrong document was filed, or if they are additional amounts due under the contract that were left out of the calculation of Claim number 11.[3] But the objection of the Trustee before the Court is that the claim is not filed with supporting documentation entitling it to prima facie validity, and that objection is not a basis for disallowance of the claim, the only relief requested by the Trustee.

The Court DENIES the Trustee's Objection on the basis stated in the Objection, with leave to renew the Objection if the Trustee can identify another basis why the claims may legitimately be disallowed.[4]

It is SO ORDERED.

---

**3.** It is also unclear, without the statement of accounting contained in the other claims, how Claim number 23 relates to any of the other claims, whether it is intended to correct the math on one of the prior claims, if it is an additional amount due, or has some other relationship.

**4.** The other troubling aspect of this claim objection is that the Trustee is objecting, wrongly as it turns out, to a claim or claims of less than $10,000 when the total unsecured claims exceed $123,000, the monthly plan payment for the below median debtor is $163 and the total distribution to unsecured creditors is estimated in the plan to be 1% of their claims. It is hardly surprising that a creditor which stands to receive less than $100 on its claim if the plan completes, does not respond to an objection even when it has a valid defense.