
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: DAVID EDWARD MYERS; MARY ANN MYERS, Debtors. | BAP No. NV-22-1005-LBT Bk. No. 2:21-bk-11376-NMC |
| DAVID EDWARD MYERS; MARY ANN MYERS, Appellants, v. LVNV FUNDING, LLC, Appellee. | **MEMORANDUM**\* |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Natalie M. Cox, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtors David Edward Myers and Mary Ann Myers

appeal the bankruptcy court's order overruling their objection to the proof

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure.

of claim filed by appellee LVNV Funding, LLC ("LVNV"). Although LVNV's claim complied with Rule 3001 and was thus entitled to prima facie validity, we agree with Debtors that the documentation provided was insufficient to enforce the debt under Nevada law.

Accordingly, we VACATE and REMAND.

## FACTS

Debtors filed their chapter 13 petition in March 2021. Among their scheduled debts was a nonpriority unsecured debt to "Citi Cards" for $7,632, which they categorized as "disputed."

Shortly after Debtors' plan was confirmed, LVNV filed a proof of claim for an unsecured claim of $7,905.88 arising from charges made on a Citi Diamond Preferred Card. The proof of claim indicated that LVNV had acquired the claim from Resurgent Acquisitions, LLC and was serviced by Resurgent Capital Services.[2] Attached to the proof of claim was: (1) a document entitled "Account Supplemental Data," which included the names of the original and current creditors, a breakdown of the amounts due, and the dates of the last transaction and last payment; and (2) a limited power of attorney executed by LVNV granting Resurgent Capital Services the authority to service its accounts.

Debtors' counsel sent a written request to LVNV requesting additional documentation as required under Nevada law to enforce a credit card debt. Specifically, counsel requested: (1) the credit card

application or evidence that the debtors incurred charges on the card and made payments thereon; (2) periodic billing statements; and (3) authentication via an affidavit of the custodian of written records. He also requested a "proper chain of title" evidencing LVNV's standing to enforce the claim.

In response, LVNV provided to Debtors' counsel five unauthenticated account statements covering the period from November 20, 2020 through April 20, 2021 and a copy of the terms and conditions of the credit card agreement. LVNV also amended its proof of claim to include additional documentation related solely to LVNV's standing to enforce the claim.

Debtors filed an objection to LVNV's claim. They acknowledged that LVNV had filed the account statement required by Rule 3001(c)(3), but they argued that the additional documentation did not comply with Nevada law. Debtors requested that the claim be amended to provide "a copy of the writing upon which it relies to enforce the underlying debt/Claim, provide a clean and clear chain of ownership and/or title evidencing that this claim is enforceable by the Claimant proffering its ownership, as well as supporting declarations . . . ."

LVNV filed a response, arguing that Debtors' objection did not overcome the prima facie validity of its claim and that the documentation provided was sufficient under Nevada law to establish Debtors' liability

---

[2] The documentation also showed that the original creditor was Citibank, N.A.

and to show that LVNV was entitled to enforce the debt. LVNV also pointed out that Debtors did not dispute that LVNV was the proper entity to file the claim, nor did they dispute that they made charges on the account.

After hearing argument and taking the matter under advisement, the court announced orally on the record at a subsequent hearing that it would overrule the objection "for all the reasons set forth in [LVNV's] opposition[.]" The court entered its order on December 28, 2021, and Debtors timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in overruling Debtors' objection to LVNV's claim?

## STANDARDS OF REVIEW

We review the bankruptcy court's interpretation of statutes and rules de novo. *Heath v. Am. Express Travel Related Servs. Co., Inc. (In re Heath)*, 331 B.R. 424, 428 (9th Cir. BAP 2005). Whether compliance with a given statute or rule has been established is generally a question of fact that we review for clear error. *Id.* at 428-29. De novo review means we examine the matter anew, as if it had not been decided previously. *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

4

## DISCUSSION

Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Rule 3001(c)(3) requires that, when a claim is based on an open-end or revolving consumer credit agreement that is not secured by real property,

> a statement shall be filed with the proof of claim, including all of the following information that applies to the account:
> (i)     the name of the entity from whom the creditor purchased the account;
> (ii)    the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;
> (iii)   the date of an account holder's last transaction;
> (iv)    the date of the last payment on the account; and
> (v)     the date on which the account was charged to profit and loss.

It is undisputed that LVNV provided the information required under Rule 3001. Indeed, Debtors concede that the claim was prima facie valid, and they no longer dispute LVNV's standing to enforce its claim. The burden thus shifted to Debtor to come forward with evidence sufficient to negate the prima facie validity of the claim. *Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir. 1996). Alternatively, they had the burden to show that the claim should be disallowed on one of the grounds set forth in § 502. *See Campbell v. Verizon Wireless S-CA (In re Campbell)*, 336 B.R. 430, 435-36 (9th

5

Cir. BAP 2005) (acknowledging that § 502(b)(1) requires disallowance of claims that are unenforceable under applicable law but rejecting contention that "applicable law" includes Rule 3001). For purposes of this appeal, the relevant subsections of § 502 provide:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that--

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]

11 U.S.C. § 502.

Debtors contend that the claim is unenforceable pursuant to § 502(b)(1) because the documentation provided by LVNV was insufficient to establish a right to enforce its claim under state law. Nevada Revised Statutes § 97A.160, entitled "Records required in action to collect debt: Establishment of liability and amount; authentication; retention" provides, in relevant part:

> 1.    Notwithstanding the provisions of chapter 52 of NRS, in any action brought to collect a debt owed to an issuer:

(a) The issuer may establish that the cardholder is contractually liable for the debt owed by submitting the written application for a credit card account submitted to the issuer by the cardholder or **evidence that the cardholder incurred charges on the account and made payments thereon**.

(b) The amount owed may be established by photocopies of:

(1) The periodic billing statements provided by the issuer; or

(2) Information stored by the issuer on a computer, microfilm, microfiche or optical disc which indicate the amount of the debt owed.

2. **The content of such records must be authenticated**:

(a) Pursuant to the procedures set forth in NRS 52.450 to 52.480, inclusive; or

(b) By the submission of a written affidavit sufficient to establish:

(1) The affiant as the custodian of the written records offered as evidence;

(2) That the written records offered as evidence were made in the ordinary course of the issuer's business; and

(3) That the written records are true and correct copies of the records retained by the issuer. . . .

Nev. Rev. Stat. § 97A.160 (emphasis added).

Nevada law provides that no judgment shall be entered in favor of the purchaser of credit card debt unless that purchaser has satisfied "the standards of proof set forth in subsections 1 and 2 of NRS 97A.160." Nev. Rev. Stat. § 97A.165.

7

Debtors argue that the documentation provided by LVNV was inadequate under Nevada law because LVNV did not produce either an authenticated written credit card application or authenticated evidence that Debtors incurred charges on the account and made payments thereon. They are correct.

As noted, LVNV provided copies of account statements for the period beginning November 20, 2020 and ending April 20, 2021. The earliest statement showed a beginning balance of $7,574.18 and a $176.30 payment posted December 14, 2021. But there was no evidence of any of the charges making up the beginning balance or who made them. Moreover, the statements were not authenticated by a custodian of written records, but even if they had been, they were insufficient. Nevertheless, LVNV argued in the bankruptcy court that its documentation satisfied the requirements of Nevada Revised Statutes § 97A.160(1)(a), and the bankruptcy court overruled the objection "for all the reasons set forth in the opposition." This was error.

LVNV's arguments on appeal misconstrue the issue. LVNV argues that failure to provide documentation to support a claim is insufficient, without more, to overcome a claim's prima facie validity, citing *In re Campbell*, 336 B.R. 430; *In re Heath*, 331 B.R. 424; *In re Orozco*, No. 2:13-bk-15745-NB, 2017 WL 3126797 (Bankr. C.D. Cal. Jul. 21, 2017); *In re Johnson*, 2012 WL 5430952 (Bankr. D. Idaho Nov. 7, 2012); *In re Herron*, 381 B.R. 184 (Bankr. D. Md. 2008); *In re Shaffner*, 320 B.R. 870, 876 (Bankr. W.D. Mich.

2005); *In re Kemmer*, 315 B.R. 706 (E.D. Tenn. 2004); *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004), *aff'd sub nom. Cluff v. eCast Settlement*, No. 2:04-CV-978 TS, 2006 WL 2820005 (D. Utah Sept. 29, 2006); and *In re Taylor*, 289 B.R. 379, 384 (Bankr. N.D. Ind. 2003). In all these cases, the courts held that failure to comply with Rule 3001 is not a sufficient ground for disallowing a claim. Rather, a claim may be disallowed only for one of the enumerated grounds set forth in § 502(b).

But Debtors did not object to LVNV's claim on the ground that it did not comply with Rule 3001. Rather, they argued that the claim was unenforceable under Nevada law, which is a ground for disallowance under § 502(b). LVNV argues that this argument is a "red-herring and underhanded attempt to escape Ninth Circuit precedent that failure to file documents is not grounds to disallow a claim under Section 502(b)." LVNV also points out that Debtors do not deny opening the Citibank account and making charges on it or otherwise deny liability for the claim, nor did they provide any substantive evidence to refute its prima facie validity. But LVNV does not directly address the real issue, which is the enforceability of the claim under Nevada law. Despite their assertions to the contrary, LVNV did not provide the documentation required to enforce its claim under applicable law.

9

## CONCLUSION

For these reasons, the bankruptcy court erred in overruling Debtors' objection to LVNV's claim. We therefore VACATE and REMAND for further proceedings as the bankruptcy court deems appropriate.