# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3555

_____

In re: Gary A. Shelton; Elizabeth Dawn Shelton, also known as Dawn Shelton

*Debtor*s

------------------------------

Gary A. Shelton; Elizabeth Dawn Shelton

*Appellant*s

v.

Citimortgage, Inc.

*Appellee*

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: September 24, 2013
Filed: November 4, 2013

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

MELLOY, Circuit Judge.

Chapter 13 Debtors Gary A. Shelton and Elizabeth Dawn Shelton appeal the bankruptcy court's dismissal of their adversary proceeding. The bankruptcy court held that a secured creditor's lien was not void due solely to the fact that the secured creditor filed an untimely claim. The BAP affirmed. We also affirm.

The claims bar date in the Shelton bankruptcy was January 25, 2011. Secured creditor Citimortgage, Inc., held a lien on Debtors' primary residence and filed a claim for $210,596.66 on August 22, 2011. A week after Citimortgage filed its claim, Debtors filed an objection urging disallowance of the claim as untimely. Debtors did not contest the substantive validity of the claim or otherwise challenge the validity of the underlying debt or lien. Prior to a scheduled hearing on the timeliness objection, the parties agreed to the entry of an order disallowing the claim.[1]

After disallowance of the claim, Debtors initiated an adversary proceeding seeking the avoidance of Citimortgage's lien. Again Debtors did not challenge the substantive validity of the lien or debt. Debtors relied upon 11 U.S.C. § 506 which provides:

> (d)    To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless –
>
> > (1)    such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
> > (2)    such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

---

[1] The order disallowing the claim did not specify the basis for disallowing the claim. Debtors, however, had raised no challenges other than the timeliness argument. No party on appeal argues that some other basis existed for disallowing the claim.

According to Debtors, Citimortgage's lien secured a claim that was "not an allowed secured claim[.]" 11 U.S.C. § 506(d). Debtors further argued that the exception of subpart (d)(2) did not apply because Citimortgage filed a proof of claim, and the exceptions of subpart (d)(1) did not apply because neither section 502(b)(5) nor 502(e) involved the disallowance of claims as untimely. Relying upon the plain language of § 506(d), the Debtors argued that disallowance of Citimortgage's claim necessarily voided Citimortgage's corresponding lien.

Citimortgage filed a motion to dismiss, arguing that because a secured creditor's lien generally survives bankruptcy even if the secured creditor elects not to file a claim, lien avoidance (rather than mere claim disallowance) would be an unjustified and overly punitive result where the sole basis of claim disallowance was the untimeliness of the claim.

Acknowledging the "superficial" appeal of the plain-text support for the Debtor's position, the bankruptcy court nevertheless granted Citimortgage's motion. In doing so, the court relied upon the longstanding principle that valid liens pass through bankruptcy unaffected. See Dewsnup v. Timm, 502 U.S. 410, 418 (1992) (noting that "'a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*'" (quoting Johnson v. Home State Bank, 501 U.S. 78, 84 (1991))). The bankruptcy court also relied on authority from the only circuits to have addressed the issue, both of which concluded the plain language of § 506(d) did not void liens where an associated claim was rejected solely due to its untimeliness. See In re Hamlett, 322 F.3d 342, 347–50 (4th Cir. 2003) (rejecting lien avoidance on these facts as inequitable, inconsistent with pre-Bankruptcy Code principles, and unsupported by legislative history); In re Tarnow, 749 F.2d 464, 465–67 (7th Cir. 1984) (similarly rejecting a plain-text interpretation of § 506(d)). Finally, the court noted that the Eighth Circuit had held, in a different context, that a lien survived bankruptcy notwithstanding § 506(d) where the

bankruptcy court had rejected a claim as untimely but where there had been no finding of invalidity regarding the underlying debt or claim. See In re Be-Mac Transp. Co., 83 F.3d 1020, 1027 (8th Cir.1996).

On appeal, Debtors again urge a plain language interpretation of § 506(d). They also argue that In re Be-Mac Transport is materially distinguishable and that the other circuits' precedent should not control. Regardless of whether In re Be-Mac Transport can be distinguished from the present facts, we agree with the well-reasoned judgments from the Fourth and Seventh Circuits. Although we can add little to the comprehensive analysis that these circuits have set forth, we recite some of that analysis here because we do not lightly reject a plain language interpretation of a statute.

In 1984, the Seventh Circuit in In re Tarnow, 749 F.2d at 465–66, held that lien avoidance in this context was too great a departure from pre-Code law to have been Congress's intended effect. The court explained that the reason a secured creditor might file a claim is to stand in line as an unsecured creditor for that portion of debt that is not adequately secured; there was no suggestion in legislative history or pre-Code practice that a secured creditor could only file such a claim "on pain of losing his lien." Id. at 465. In reaching this conclusion, the Seventh Circuit emphasized the absurdity of heavily penalizing a secured creditor who files an untimely claim as contrasted with a secured creditor who preserves its lien by remaining wholly "aloof from the bankruptcy proceeding[.]" Dewsnup 502 U.S. at 417. The Seventh Circuit stated:

> The destruction of a lien is a disproportionately severe sanction for a default that can hurt only the defaulter.
>
> . . . While no one wants bankruptcy proceedings to be cluttered up by tardy claims, the simple and effective method of discouraging them is to dismiss the claim (that is, the claim against the bankrupt

-4-

estate, as distinct from the claim against the collateral itself), out of hand, because it is untimely. . . . If an ordinary plaintiff files a suit barred by the statute of limitations, the sanction is dismissal; it is not to take away his property. And a lien is property.

Tarnow, 749 F.2d at 465–66.

Then, in 1992, the Supreme Court reaffirmed the general principle that valid liens pass through bankruptcy unaffected. The court determined that Congress must not have intended to legislate contrary to this general principle without at least some explanation of such an intent in the legislative history. See Dewsnup, 502 U.S. at 416–17 ("[Section] 506 of the Bankruptcy Code and its relationship to other provisions of that Code do embrace some ambiguities . . . [such that] we are not convinced that Congress intended to depart from the pre-Code rule that liens pass through bankruptcy unaffected."). Dewsnup involved an examination of § 506, but did not involve the question presented to our court today. Dewsnup is material to our analysis because it finds ambiguity in § 506 and because it rests on two important considerations: (1) Bankruptcy Code provisions should not be read in isolation from one another; and (2) they should not be read in isolation from pre-Code practices. Id. at 419 ("When Congress amends the bankruptcy laws, it does not write 'on a clean slate.'" (quoting Emil v. Hanley, 318 U.S. 515, 521 (1943))).

In 2003, the Fourth Circuit recognized these general principles from Dewsnup when it joined the Seventh Circuit and held that liens for disallowed claims survive bankruptcy if the sole basis for disallowance is untimeliness. In re Hamlett, 322 F.3d at 348. There, the Fourth Circuit stated:

This view comports with . . . § 506(d)(2), which clarifies that Congress did not intend for a perfectly valid lien to be extinguished any time a creditor's claim on the bankrupt estate is disallowed. Of course, that provision does not explicitly refer to claims that are disallowed merely

because they were filed after the bar date.  But we conclude, following the reasoning set forth in Tarnow, that the failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien.  The contrary result . . . would lead to considerable inequity[.]

Id. at 348–49.

We therefore align ourselves with the Fourth and Seventh Circuits and reject the Debtor's superficially appealing, but ultimately inequitable and isolated, reading of § 506(d).

We affirm the judgments of the Bankruptcy Court and the BAP.

_____