**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN FARRIS; RECALL DALE WASHAM, a Washington political committee; OLDFIELD & HELSDON, PLLC, a Washington professional limited liability company, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> AMIT D. RANADE, Chair; GRANT S. DEGGINGER, Attorney, Vice Chair; KATHY TURNER; KATRINA ASAY, in their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; ANDREA MCNAMARA DOYLE, in His Official Capacity as Interim Executive Director of the Washington State Public Disclosure Commission, <br><br> Defendants - Appellees. | No. 12-35949 <br><br> D.C. No. 3:11-cv-05431-RJB <br><br><br> ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING EN BANC |
| ROBIN FARRIS; RECALL DALE WASHAM, a Washington political committee; OLDFIELD & HELSDON, PLLC, a Washington professional limited liability company, | No. 13-35040 <br><br> D.C. No. 3:11-cv-05431-RJB |

Plaintiffs - Appellants,

v.

AMIT D. RANADE, Chair; GRANT S. DEGGINGER, Attorney, Vice Chair; KATHY TURNER; KATRINA ASAY, in their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; ANDREA MCNAMARA DOYLE, in His Official Capacity as Interim Executive Director of the Washington State Public Disclosure Commission,

Defendants - Appellees.

Before: FISHER, GOULD and CHRISTEN, Circuit Judges.

The memorandum disposition, filed July 11, 2014, is **AMENDED**.

An amended memorandum disposition is filed concurrently with this order.

Judges Gould and Christen have voted to deny Appellants' petition for rehearing en banc, and Judge Fisher so recommends.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. Appellants' petition for rehearing en banc, filed July 25, 2014, is **DENIED**.

No further petitions for rehearing will be accepted.

2

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN FARRIS; RECALL DALE WASHAM, a Washington political committee; OLDFIELD & HELSDON, PLLC, a Washington professional limited liability company, | No. 12-35949 D.C. No. 3:11-cv-05431-RJB |
| Plaintiffs - Appellants, | AMENDED MEMORANDUM[*] |
| v. | |
| AMIT D. RANADE, Chair; GRANT S. DEGGINGER, Attorney, Vice Chair; KATHY TURNER; KATRINA ASAY, in their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; ANDREA MCNAMARA DOYLE, in His Official Capacity as Interim Executive Director of the Washington State Public Disclosure Commission, | |
| Defendants - Appellees. | |
| ROBIN FARRIS; RECALL DALE WASHAM, a Washington political committee; OLDFIELD & HELSDON, PLLC, a Washington professional limited liability company, | No. 13-35040 D.C. No. 3:11-cv-05431-RJB |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

v.

AMIT D. RANADE, Chair; GRANT S. DEGGINGER, Attorney, Vice Chair; KATHY TURNER; KATRINA ASAY, in their Official Capacities as Officers and Members of the Washington State Public Disclosure Commission; ANDREA MCNAMARA DOYLE, in His Official Capacity as Interim Executive Director of the Washington State Public Disclosure Commission,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted February 6, 2014
Seattle, Washington

Before: FISHER, GOULD and CHRISTEN, Circuit Judges.

The plaintiffs appeal the district court's summary judgment order, insofar as it declined to address the plaintiffs' facial challenge to Washington Revised Code § 42.17A.405(3).  They also appeal the district court's ruling that their motion for attorney's fees was untimely and that they did not demonstrate excusable neglect warranting an extension of the deadline.  We have jurisdiction under 28 U.S.C. §

1291.  We affirm the summary judgment order but vacate and remand on the attorney's fees issue.

**1.**     In *Farris v. Seabrook* (*Farris I*), 677 F.3d 858, 867 (9th Cir. 2012), we affirmed the district court's preliminary injunction order, concluding that "the State did not identify a sufficiently important interest to justify [§ 42.17A.405(3)'s] $800 limit on contributions to recall committees."[1]  Most of the underlying facts relevant to the current appeal are fully set forth in *Farris I* and need not be repeated.  Of particular relevance here, we acknowledged the State's interest in preventing the actuality or appearance of quid pro quo corruption in recall elections, but likened Washington recall committees to political action committees making independent expenditures to support or oppose candidates, for which contribution limits had been invalidated because of tenuous connections or no connection to the candidates themselves.  *See id.* at 865-67.  We explained that "[n]either the State nor amici . . . presented any evidence showing that contributions to recall committees in Washington raise the specter of corruption, and certainly not in this case," but noted that "the outcome might be different if there were evidence that contributions were being made with a 'wink and a nod'

---

[1] The limit has since been raised to $950.  *See* Wash. Admin. Code § 390-05-400.

3

from Council members indicating that a particular candidate would be appointed." *See id.* at 867 & n.8.

On remand, the district court's summary judgment order applied *Farris I* to the evidence presented and entered a permanent injunction, stating that the court would "grant summary judgment for Plaintiffs and hold RCW § 42.17A.405(3) unconstitutional as applied to Plaintiffs." The court found that "[t]here is no evidence of coordination of expenditures or 'a wink and a nod' to justify the State's anti-corruption interest. The Government has presented no evidence demonstrating an issue of material fact regarding the appearance of or actual corruption." The district court also determined that "[b]ecause this Court should provide Plaintiffs' requested relief and hold that RCW § 42.17A.405(3) is unconstitutional as applied to Plaintiffs, the Court need not address whether RCW § 42.17A.405(3) is unconstitutional on its face."

We agree with the district court's decision not to address the plaintiffs' broader facial challenge. Given the record in this case, the plaintiffs have received all the relief to which they are entitled. The district court's order was somewhat ambiguous as to the scope of its injunctive relief, insofar as its application beyond the immediate case. The court stated that § 42.17A.405(3) was unconstitutional as applied to the plaintiffs, but also that the defendants were enjoined from enforcing

4

§ 42.17A.405(3) "against Plaintiffs *in this case only*" (emphasis added). We construe the district court's order and corresponding injunction as precluding enforcement of § 42.17A.405(3) against the plaintiffs in all similar circumstances, where there is no evidence or appearance of corruption. The defendants themselves have acknowledged that "the [Washington Public Disclosure] Commission read the order in the broadest manner possible, *i.e.*, that it is enjoined from ever enforcing Wash. Rev. Code § 42.17A.405(3)'s contribution limits against the Recall Proponents."[2] Even if there may be non-parties to this litigation who generally may enforce § 42.17A.405(3) and who theoretically might not be bound by the district court's injunction, *see* Fed. R. Civ. P. 65(d)(2), *Farris I* and the district court's order clearly preclude enforcement of §42.17A.405(3) against the plaintiffs when there is no evidence or appearance of corruption, because the provision is unconstitutional in such instances. Accordingly, the plaintiffs have received all the relief to which they are entitled.

---

[2] The defendants also said that "until a court directs that the Commission may interpret the order more narrowly, the Commission remains permanently enjoined from enforcing the contribution limits against the Recall Proponents." We conclude that the Commission is enjoined from enforcing § 42.17A.405(3) against the plaintiffs in the future, but, consistent with *Farris I* and as we have emphasized, only in cases where there is no evidence or appearance of corruption.

This interpretation comports with the general notion that courts should favor narrow constitutional rulings over broad ones.[3] *See, e.g.*, *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450 (2008) ("Facial challenges are disfavored for several reasons."); *United States v. Raines*, 362 U.S. 17, 21 (1960) ("This Court . . . is bound by two rules, to which it has rigidly adhered: one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other, never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied." (internal quotation marks omitted)); *Colo. Right to Life Comm., Inc. v. Coffman*, 498 F.3d 1137, 1144-45, 1155-56 (10th Cir. 2007) (holding that an as-applied ruling on part of a campaign finance reform amendment was sufficient and that the court did not need to reach a facial challenge, as "the nature of judicial review constrains a federal court to consider only the case that is actually before it").

Finally, even if the district court abused its discretion in striking declarations concerning standing that the plaintiffs filed with their reply brief, the additional

---

[3] Plaintiffs argue that *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010), requires invalidating Wash. Rev. Code § 42.17A.405(3) on its face. *Citizens United*, however, does not require facial invalidation when a narrower remedy is sufficient. *See id.* at 333 (invalidating statute only after rejecting narrower remedies as insufficient).

6

recall campaign Jeffrey Helsdon described in his declaration did not include evidence or the appearance of corruption. Accordingly, *Farris I* and the district court's order extend to this second recall campaign, so the plaintiffs' challenge to this portion of the court's order is moot.

**2.** The district court correctly ruled that the plaintiffs' motion for attorney's fees was filed after the applicable 14-day deadline. *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless a statute or a court order provides otherwise, the motion [for attorney's fees] must: (i) be filed no later than 14 days after the entry of judgment . . . ."). On the other hand, the court erred in analyzing whether the plaintiffs' error was the result of excusable neglect and they were entitled to an extension of the deadline. *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").

The court relied primarily on *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), and the three-judge panel opinion in *Pincay v. Andrews* (*Pincay I*), 351 F.3d 947 (9th Cir. 2003), in evaluating possible excusable neglect. But we reversed *Pincay I* in our en banc decision in the same case, *see Pincay v. Andrews* (*Pincay II*), 389 F.3d 853, 860 (9th Cir. 2004) (en banc), and *Pincay II* cited *Kyle*

7

as part of "[o]ur circuit's confusion" on excusable neglect, *id.* at 857.  Moreover, the district court listed all four factors from *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), but did not address the first and fourth in its analysis.  *See Pioneer*, 507 U.S. at 395 (A court typically considers four factors in determining whether a moving party engaged in excusable neglect: (1) "the danger of prejudice" to the opposing party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (4) "whether the movant acted in good faith."); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261-62 (9th Cir. 2010) ("[T]he district court here neither cited nor applied the *Pioneer*[] test, but instead based its decision solely on whether the reason for the delay – the third *Pioneer*[] factor – could establish excusable neglect. By ignoring the other three factors, the district court abused its discretion."); *Lemoge v. United States*, 587 F.3d 1188, 1194 (9th Cir. 2009) ("[W]e conclude that it will always be a better practice for the district court to touch upon and analyze at least all four of the explicit *Pioneer*[] factors.").

On remand, the district court should reevaluate the excusable neglect issue by addressing all four factors of the *Pioneer* test under our current law.

Costs on appeal awarded to the plaintiffs.

The panel will retain jurisdiction of these cases.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**