FILED

SEP 19 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

ORDERED PUBLISHED

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No.   NC-16-1405-BSTa |
| RICHARD R. LANE, | Bk. No.   11-54766 |
| Debtor. | Adv. No.   16-5004 |
| THE BANK OF NEW YORK MELLON; BAYVIEW LOAN SERVICING, LLC, | |
| Appellants, | |
| v. | **O P I N I O N** |
| RICHARD R. LANE, | |
| Appellee. | |

Argued and Submitted on January 25, 2018,
at San Francisco, California

Filed – September 19, 2018

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

Appearances:     Lewis R. Landau argued for appellants, The Bank of New York Mellon and Bayview Loan Servicing, LLC; Stanley A. Zlotoff of the Law Offices of Stanley A. Zlotoff argued for appellee, Richard R. Lane.

Before:   BRAND, SPRAKER and TAYLOR, Bankruptcy Judges.

BRAND, Bankruptcy Judge:

Appellants, The Bank of New York Mellon ("BONY") and Bayview Loan Servicing, LLC, appeal a judgment voiding BONY's asserted first-position lien against the debtor's residence under § 506(d)[1], after the court had previously disallowed BONY's claim and the debtor had completed his chapter 13 plan and received a discharge. The debtor had objected to BONY's proof of claim based on lack of standing. BONY failed to respond to the claim objection, and the claim was disallowed. After plan completion, BONY sought reconsideration of the order disallowing the claim; it was denied. BONY did not appeal the order disallowing the claim or the order denying the motion for reconsideration.

The bankruptcy court voided the first-position lien under § 506(d) based on disallowance of the claim. This was error. The claim disallowance in this case did not affect the validity of the lien; it determined only that BONY lacked standing to enforce an otherwise valid lien. And because the adversary complaint was not served on the party who had the right to enforce, the bankruptcy court violated that party's due process rights by voiding its lien without notice and a hearing. Accordingly, we REVERSE the judgment voiding the first-position lien.

Appellants also appeal the bankruptcy court's denial of a continuance of the debtor's motion for summary judgment and the award of the debtor's attorney's fees under Cal. Civ. Code § 1717.

[1] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

We AFFIRM the decision to deny a continuance and REVERSE the order awarding the debtor his attorney's fees.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   The bankruptcy case**

Richard Lane filed his chapter 13 bankruptcy case on May 18, 2011.  He disclosed an ownership interest in his residence (the "Property"), valuing it at $420,000 and stating that it was subject to secured claims totaling $699,514.  Lane named Bank of America as holding a first-position lien against the Property for $625,620, which he asserted was "disputed" regarding the "real party in interest."  Lane listed a second-position lien against the Property for $73,894, also held by Bank of America, which he asserted was wholly unsecured and not disputed.

Lane's initial chapter 13 plan provided that monthly payments for the first-position lien would be made to Bank of America, but also stated that the loan was "disputed" and that, "[u]ntil proof of real party in interest status[,]" he would set aside the monthly payment.  The plan proposed no payments for Bank of America's second-position lien.[2]

Shortly thereafter, BONY filed a Request for Special Notice directing that all notices be sent to its counsel — Vy T. Pham of the (now defunct) law firm of Miles, Bauer, Bergstrom & Winters, LLP — at the address provided.  Pham also received electronic

---

[2]  Lane later filed a motion to value Bank of America's second-position lien, asserting that it was wholly unsecured given the Property's value of $420,000 and the first-position lien for $676,341.19.  The bankruptcy court entered a stipulated order valuing Bank of America's second-position lien at $0.  Once Lane completed his Plan payments and received a discharge, the court entered an order voiding the second lien.  The second lien is not at issue in this appeal.

-3-

notices in the case.

BONY then filed a $676,361.19 secured proof of claim for the first-position lien against the Property ("Claim"). Attached to the Claim were copies of the original deed of trust and promissory note in favor of the original lender, Countrywide Home Loans, Inc., and a recorded assignment of the note and deed of trust to BONY in January 2011. The note was endorsed in blank. Any notices regarding the Claim were to be sent to Pham at the same address she provided in the Request for Special Notice.

Lane filed a "check the box" form objection to the Claim, arguing that BONY had failed to establish standing and that it was the person entitled to enforce payment on the Claim ("Claim Objection"). Lane asked that the Claim be disallowed in its entirety. The Claim Objection warned that failure to respond could result in an order granting the requested relief by default. Lane's counsel served the Claim Objection on Pham at the address provided on the Claim. Pham, presumably, also received electronic notice of it.

After BONY failed to oppose the Claim Objection in the given time period, Lane requested entry of a default order sustaining the Claim Objection. The bankruptcy court entered the default order on December 29, 2011, disallowing the Claim in its entirety ("Claim Disallowance Order"). BONY did not appeal.

BONY objected to Lane's later-filed second amended chapter 13 plan, which proposed the same terms for the first and second liens against the Property as in his initial plan. BONY ultimately withdrew its objection prior to the plan confirmation hearing, conceding that it had become moot because BONY would not receive

-4-

payments under the plan due to the Claim Disallowance Order.

The bankruptcy court confirmed Lane's second amended plan on July 23, 2012 ("Plan"). Lane made no payments on the first lien during his five-year bankruptcy case, and BONY never moved for relief from stay.

The chapter 13 trustee filed a Notice of Plan Completion on November 12, 2015; the court entered a discharge order that same day. Three months later, a Final Decree was entered, and the case was closed.

After reopening Lane's bankruptcy case in April 2016, BONY moved to set aside the Claim Disallowance Order, arguing that its failure to respond to the Claim Objection in 2011 was excusable neglect ("Reconsideration Motion"). The bankruptcy court denied the motion, determining that BONY's challenge to the merits of the Claim Objection or the Claim Disallowance Order was untimely and not a proper basis for reconsideration. In addition, BONY had failed to show excusable neglect for not responding to the Claim Objection. BONY did not appeal the order denying reconsideration of the Claim Disallowance Order.

**B.    The adversary proceeding**

Meanwhile, Lane filed an adversary proceeding against BONY, seeking to void the first deed of trust under § 506(d) ("Lien Avoidance"). Lane also sought damages for BONY's failure to reconvey the deed of trust and requested attorney's fees. In its answer, BONY asserted various affirmative defenses, including a general defense of estoppel and equity.

A month after the court denied BONY's Reconsideration Motion, Lane moved for summary judgment on his adversary claims and

requested attorney's fees ("MSJ"). Lane argued that, because the Claim had been disallowed, his chapter 13 plan had been completed and he had received a discharge, BONY's first-position lien was void under § 506(d). Lane argued that the recent case, <u>HSBC Bank USA, N.A. v. Blendheim (In re Blendheim)</u>, 803 F.3d 477 (9th Cir. 2015), supported his position.

In opposition, BONY argued for further discovery and a continuance of the MSJ. Counsel for BONY declared that discovery "could potentially produce evidence demonstrating that there was no real factual or legal basis for filing the [Claim Objection] and that there is no factual or legal basis supporting voidance of [BONY's] lien." BONY maintained that discovery was imperative because Lane was trying to get a "free house" based on the Claim disallowance.

Next, BONY argued that Lane's interpretation of § 506(d) was contrary to <u>Dewsnup v. Timm</u>, 502 U.S. 410, 417-18 (1992), which held that liens normally pass through bankruptcy unaffected. Although the Claim had been disallowed, that meant only that BONY could not be paid through the Plan; the lien, nonetheless, survived the bankruptcy. In addition, the Plan did not specify that BONY's first-position lien would be avoided; it only limited what BONY would be paid from the estate. BONY also argued that <u>Blendheim</u> was distinguishable. Unlike the dilatory creditor there, BONY had attached supporting documents to its Claim evidencing its standing to enforce the lien. Further, Lane had never disputed the legitimacy of the underlying loan documents as the debtors had in <u>Blendheim</u>.

BONY then filed a separate motion under Civil Rule 56(d)

-6-

("56(d) Motion"), requesting that the court either dismiss the MSJ or continue it so that BONY could conduct further discovery. The 56(d) Motion was virtually identical to what BONY had submitted in its opposition to the MSJ.

After hearings on the MSJ and the 56(d) Motion, the bankruptcy court entered an order granting the MSJ to the extent Lane sought to void BONY's first-position lien under § 506(d). The court determined that the lien was void based on (1) the plain language of § 506(d), (2) that the Claim had been previously disallowed, (3) that the exceptions under § 506(d) did not apply, and (4) Blendheim. The court denied BONY's 56(d) Motion. Lastly, the court considered, but rejected, BONY's affirmative defenses of estoppel and equity.

Upon further briefing on the issue of attorney's fees, the bankruptcy court entered an order bifurcating Lane's attorney's fees from the MSJ and treating it as a separate motion. On the same day, the court entered a separate judgment for its § 506(d) ruling in the MSJ. The court then entered an order awarding Lane his attorney's fees for prosecuting the Lien Avoidance action, defending the Reconsideration Motion, and for filing the fee motion ("Fee Order"). BONY timely appealed the MSJ order, the § 506(d) judgment and the Fee Order.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err in voiding the first-position lien under § 506(d)?

-7-

2.    Did the bankruptcy court abuse its discretion in denying BONY's 56(d) Motion?

3.    Did the bankruptcy court abuse its discretion in awarding Lane his attorney's fees under Cal. Civ. Code § 1717?

### IV. STANDARDS OF REVIEW

We review de novo the bankruptcy court's summary judgment ruling. Ulrich v. Schian Walker, P.L.C. (In re Boates), 551 B.R. 428, 433 (9th Cir. BAP 2016). A bankruptcy court's conclusions of law, including its interpretation of the Code, are reviewed de novo. In re Blendheim, 803 F.3d at 489.

The bankruptcy court's decision not to permit additional discovery under Civil Rule 56(d) is reviewed for an abuse of discretion. Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001) (applying former Civil Rule 56(f)). "We will only find that the [bankruptcy] court abused its discretion if the movant [under Civil Rule 56(d)] diligently pursued its *previous* discovery opportunities, and if the movant can show how allowing *additional* discovery would have precluded summary judgment." Qualls by and through Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir. 1994) (emphasis in original).

We review the bankruptcy court's award of attorney's fees under state law for an abuse of discretion. Muniz v. United Parcel Serv., Inc., 738 F.3d 214, 218-19 (9th Cir. 2013).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc.,

-8-

653 F.3d 820, 832 (9th Cir. 2011) (citing <u>United States v. Hinkson</u>, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**V. DISCUSSION**

**A. The bankruptcy court erred in voiding the first-position lien under § 506(d) on these facts.**

**1. Summary judgment standards**

Summary judgment is properly granted when no genuine issues of disputed material fact remain, and, when viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Civil Rule 56; Rule 7056; <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). Material facts are those that may affect the outcome of the case under applicable substantive law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). And issues are genuine only if the trier of fact reasonably could find in favor of the nonmoving party on the evidence presented. <u>Far Out Prods., Inc. v. Oskar</u>, 247 F.3d 986, 992 (9th Cir. 2001) (citing <u>Anderson</u>, 477 U.S. at 248-49).

**2. Analysis**

Under the plain language of § 506(d)[3], if the creditor's secured claim is not allowed, its lien is void, unless the claim was disallowed under § 502(b)(5), or (e) or was not an allowed claim due only to the creditor's failure to file a proof of claim. It is undisputed that neither exception under § 506(d) applies in

_____

[3] Section 506(d) provides:

To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless —

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

this case.

### a. Lack of standing is a substantive objection under § 502(b)(1).[4]

BONY contends the bankruptcy court erred in holding that the earlier disallowance of the Claim necessarily resulted in lien avoidance under the plain language of § 506(d) and Blendheim. In Blendheim, the Ninth Circuit Court of Appeals held that the bankruptcy court properly avoided the secured creditor's senior lien under § 506(d) based on the earlier disallowance of the creditor's claim. BONY argues that, unlike Blendheim, where the claim was disallowed on the substantive ground of forgery, the Claim here was disallowed on the non-substantive, procedural ground of lack of standing. BONY argues that the bankruptcy court erred by not acknowledging that procedural-based claim disallowances do not trigger application of § 506(d) to void the creditor's lien.

In essence, BONY wants us to equate a claim objection based on lack of standing with that of a claim objection based on a procedural deficiency, such as an untimely filed claim or a claim filed without proper documentation to support it.[5] BONY never

---

[4] Section 502(b)(1) provides, in relevant part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim and allow such claim in such amount, except to the extent that such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

[5] The debtors in Blendheim also objected to HSBC's lack of documentation to support its claim. Although the court did not discuss the merits of this objection, we held in two companion cases — Heath v. American Express Travel Related Services Co. (In re Heath), 331 B.R. 424 (9th Cir. BAP 2005) (considering claim objections for lack of documentation in chapter 7 case), and Campbell v. Verizon Wireless S-CA (In re Campbell), 336 B.R. 430

(continued...)

-10-

raised this exact argument before the bankruptcy court. However, because the court implicitly ruled that lack of standing is a substantive objection under § 502(b)(1), and because this is an important issue of law and does not depend on the factual record, we exercise our discretion to consider it. See El Paso City of Tex. v. Am. W. Airlines, Inc. (In re Am. W. Airlines), 217 F.3d 1161, 1165 (9th Cir. 2000) (we have discretion to consider arguments raised for the first time on appeal when the issue presented is purely one of law and either does not depend on the factual record developed below or the pertinent record has been fully developed).

BONY asks us to consider the holdings of the Fourth, Seventh and Eighth Circuits in Hamlett v. Amsouth Bank (In re Hamlett), 322 F.3d 342, 350 (4th Cir. 2003), In re Tarnow, 749 F.2d 464, 466 (7th Cir. 1984), and Shelton v. CitiMortgage, Inc. (In re Shelton), 735 F.3d 749, 750 (8th Cir. 2013), to hold that lack of standing is a procedural-based ruling in the context of a claim objection and cannot support lien avoidance under § 506(d). In each of these cases, the proof of claim was untimely filed. The debtors sought claim disallowance on the sole basis of untimeliness; they did not contest the validity of the underlying debt or lien. In refusing to apply § 506(d), these courts concluded that a claim filed late is tantamount to not filing a claim at all – the exception found in § 506(d)(2). They reasoned

⁵(...continued)
(9th Cir. BAP 2005) (same as to chapter 13 cases) — that claim objections based solely on issues regarding the documentation provided, without any contest as to the debtor's liability or the amount of the debt, are not a sufficient basis for disallowing claims; failure to comply with Rule 3001(c) is not included as a ground for disallowance under § 502(b). In re Heath, 331 B.R. at 431-32; In re Campbell, 336 B.R. at 432.

-11-

that voiding liens merely because of an untimely filed claim violates the long-standing, pre-Code principle that "valid liens pass through bankruptcy unaffected." In re Shelton, 735 F.3d at 748 (discussing Dewsnup, 502 U.S. at 418). Thus, an untimely claim could not justify voiding the otherwise valid lien securing it. Id. at 750; In re Hamlett, 322 F.3d at 349; In re Tarnow, 749 F.2d at 466-67.

First, we distinguish this case from Tarnow, Hamlett and Shelton on its facts. Here, BONY timely filed its Claim. BONY received proper notice of the Claim Objection and had a full and fair opportunity to contest the disallowance of its Claim. BONY failed to defend the Claim Objection, resulting in the Claim's disallowance. It then proceeded to disappear for five years, only to return when Lane filed his Lien Avoidance action seeking to void the first-position lien.

Second, we simply disagree with BONY's argument that a claim objection based on lack of standing is merely procedural and does not concern enforceability of the underlying loan documents. While such an objection may not concern the **validity** of the note or deed of trust, as would the forgery objection in Blendheim, it absolutely concerns **that claimant's ability to enforce** the otherwise valid note or deed of trust.

In the context of a claim objection under § 502(b), the question of whether standing is a substantive or procedural objection has been addressed by only a few courts. However, those courts are unanimous in stating that it is a substantive objection under § 502(b)(1), which provides that a claim may be disallowed to the extent it is unenforceable against a debtor under any

-12-

applicable law, including state law. See In re Richter, 478 B.R. 30, 48-49 (Bankr. D. Colo. 2012); Pursley v. eCAST Settlement Corp. (In re Pursley), 451 B.R. 213, 231-32 (Bankr. M.D. Ga. 2011); In re King, 2009 WL 960766, at *5 (Bankr. E.D. Va. Apr. 8, 2009); In re Cleveland, 396 B.R. 83, 93-94 (Bankr. N.D. Okla. 2008).

In Richter, the court held that "a challenge to standing is a substantive objection under § 502(b)(1) because if a claimant has not proven it is the owner of a claim with a right to payment (i.e. the party with standing), the claim is unenforceable against the debtor under state law." 478 B.R. at 49.

In Cleveland, one of the debtors' assertions in their claim objection was that they had no liability to the claimant because the claimant, an assignee, had not proven it was the owner of the claim with a right to payment. 396 B.R. at 93. In ruling that standing is a substantive objection in the claim objection process, the court stated:

> In the face of a substantive objection by a party in interest, the Court is required to determine the amount of each claim as of the petition date, and to allow the claim in that amount, except to the extent the claim is unenforceable against the debtor or the debtor's property under applicable law. Claimants therefore must first establish that they hold enforceable claims against the respective Debtors.

Id.

In Pursley, the debtors admitted to the existence of their credit card debt but disputed the claimant's standing to enforce the debt. 451 B.R. at 231. The court held:

> To start, it *is* a substantive objection if a party claims not to owe money to another party; that goes directly to the validity of the claim. It is not enough 'that the debtor

-13-

owes *someone* money; the issue is whether the debtor (and hence the bankruptcy estate) owes it to the party filing the proof of claim.'

Id. at 231-32 (quoting In re King, 2009 WL 960766, at *5). See also In re Gilbreath, 395 B.R. 356, 365 n.3 (Bankr. S.D. Tex. 2008) (debtors' claim objection based on claimant's alleged lack of standing due to no proof of the assignment was a substantive objection).

We are persuaded by the reasoning of these courts, that a challenge to a claimant's standing is a substantive objection under § 502(b)(1), and not merely a procedural one, because it goes directly to the claimant's ability to enforce the debt. Veal v. Amercian Home Mortgage, Inc. (In re Veal), 450 B.R. 897 (9th Cir. BAP 2011), also supports our holding:

> In the context of a claim objection, both the injury-in-fact requirement of constitutional standing and the real party in interest requirement of prudential standing hinge on who holds the right to payment under the Note and hence the right to enforce the Note. . . . Otherwise, the estate may pay funds to a stranger to the case; indeed, the primary purpose of the real party in interest doctrine is to ensure that such mistaken payments do not occur.

Id. at 920. Further, § 502(b)(1) compels this result. It directs a bankruptcy court to disallow a claim if it can be defeated by a legitimate non-bankruptcy defense. "Inability to qualify as a 'person entitled to enforce' a promissory note under the UCC would be one such defense." Tarantola v. Deutsche Bank Nat'l Tr. Co. (In re Tarantola), 491 B.R. 111, 121 (Bankr. D. Ariz. 2013).

The only case BONY cites in support of its position is Green Tree Servicing LLC v. Giusto (In re Giusto), 553 B.R. 778 (N.D. Cal. 2016). There, the court denied attorney's fees to the debtor under California law, because opposing relief from stay based on a

-14-

movant's lack of standing "does not concern the enforceability of the Note itself" and therefore was not an action on the contract. Id. at 786. However, we noted the distinction between claim objections and motions for relief from stay in Veal. In the claim-objection context, standing is a prerequisite to the evidentiary benefits of Rule 3001(f), and the claim allowance process yields a final adjudication of the parties' underlying rights. 450 B.R. at 918-19. On the other hand, a motion for relief from stay is primarily procedural, handled in a summary fashion, and if the motion is granted there will be a subsequent determination of the parties' rights in another forum, generally the state court. Id. at 914. As such, Giusto does not help BONY.

Accordingly, we decline to equate lack of standing to the procedural deficiency of an untimely filed claim, and we could not locate any case where a court has done so. Thus, the bankruptcy court did not err in concluding that lack of standing is a substantive objection under § 502(b)(1). And it matters not that the Claim Disallowance Order was entered as a result of BONY's default. In re Blendheim, 803 F.3d at 491.

**b. Blendheim does not control.**

This is where we part company with the bankruptcy court's decision. We conclude that Blendheim is not applicable in this case, because the bankruptcy court never adjudicated the validity of the first-position lien and the underlying note in the Claim Disallowance Order.

In Blendheim, the debtors filed a chapter 13 case after receiving a chapter 7 discharge. 803 F.3d at 481. The senior lienholder on debtors' residence, HSBC, filed a proof of claim in

-15-

the case, to which debtors objected on the grounds of lack of documentation (no promissory note) and that the copy of the note they had previously received contained a forged signature. HSBC failed to oppose the claim objection, and the bankruptcy court entered a default order disallowing HSBC's claim. HSBC did not appeal. Thereafter, debtors sought to void HSBC's lien under § 506(d). After significant prompting from the court, HSBC moved to set aside the claim disallowance order under Civil Rule 60(b), some eighteen months after its entry. Id. at 481-82. Not finding any grounds to reconsider, the bankruptcy court denied the motion. Id. at 482. Ultimately, the bankruptcy court voided HSBC's lien under § 506(d). Id.

The Ninth Circuit Court of Appeals affirmed, holding that, "if a claim is disallowed, then under § 506(d) and consistent with Dewsnup, the claim's associated lien is void." Id. at 490. The Blendheim court distinguished Tarnow, Hamlett and Shelton from the case before it. In those cases, the claims were disallowed for timeliness and the creditors had no ability to defend their claims on the merits. Id. at 490-91. Here, HSBC "slept on its rights" and refused to defend its claim, which was challenged on the substantive ground of forgery. Id. at 491. HSBC's failure to respond was "more akin to a concession of error than a failure to file a timely claim." Id. Thus, voidance of the lien under § 506(d) was "not so severe a sanction[.]" Id.

Implicit in Blendheim's analysis is a conclusion that § 506(d) should apply only when a claim disallowance addresses the merits of the underlying debt. Indeed, other courts have concluded this as well, relying on the long-standing pre-Code rule

-16-

that liens pass through bankruptcy unaffected.[6] See In re Tarnow, 749 F.2d at 465-66 (rejecting notion that claim disallowance for any reason automatically voids the lien that secures it; lien avoidance under § 506(d) should follow only when the lien's validity was adjudicated in the claims allowance process); In re Hamlett, 322 F.3d at 348 ("[Section] 506(d) only empowers the bankruptcy court to void liens supporting disallowed claims if it judges those liens to be invalid in substance."); Shelton v. CitiMortgage, Inc. (In re Shelton), 477 B.R. 749, 752 (8th Cir. BAP 2012) ("Liens pass through bankruptcy unless avoided on their merits.") (citing In re Be-Mac Transport Co., 83 F.3d 1020, 1025 (8th Cir. 1996)).

BONY disputes the merits of the bankruptcy court's ruling that it lacked standing to enforce the note. The Claim Disallowance Order and the order denying reconsideration of that order are final and were not appealed. As a result, BONY is stuck with that ruling. Nonetheless, we cannot ignore the legal fiction that BONY lacked standing to enforce the note. The documents attached to the Claim established BONY's standing. As such, the Claim Disallowance Order should never have been entered. However, it was, and we must now deal with the effects of that erroneous ruling.

After failing to respond to the Claim Objection, the Claim was disallowed on the ground that BONY lacked standing and was not the "person entitled to enforce" the note. See Cal. Comm. Code § 3301. However, unlike the debtors in Blendheim, Lane never attacked the validity of the underlying loan documents, and he certainly never disputed getting the $560,000 loan for the

---

[6] Dewsnup, 502 U.S. at 417.

-17-

Property.  In fact, he acknowledged throughout his bankruptcy case that he owed "someone" money for the loan and that the debt was secured by a first-position lien against the Property.  The Plan provided for payments to the person entitled to enforce the note once that party appeared.  All Lane disputed was whether **BONY** was the person entitled to enforce the note.

This case is not <u>Blendheim</u>.  The bankruptcy court never judged the first-position lien to be invalid in substance, only that BONY lacked standing to enforce it.  Thus, even though Lane's standing argument was a substantive objection to BONY's Claim, it did not invalidate the lien.  Accordingly, the court erred when it applied § 506(d) to void the first-position lien.[7]

---

[7]  We take special note of the case <u>Kohout v. Nationstar Mortgage, LLC</u>, 576 B.R. 290 (N.D.N.Y. 2017), which presented similar facts.  There, the debtors objected to Nationstar's proof of claim for a mortgage loan on the grounds of absence of documentation establishing a security interest in debtors' property and an incorrectly-stated arrearage amount.  Nationstar failed to respond and the claim was disallowed based on what the bankruptcy court determined were "procedural" objections.  The debtors then attempted to void Nationstar's lien under § 506(d).  Nationstar prevailed and debtors appealed, arguing that the lien should have been voided because Nationstar forfeited its claim by failing to present evidence of its validity and slept on its rights, just like the creditor in <u>Blendheim</u>.

The district court affirmed but noted that the issue presented a "close call."  <u>Id.</u> at 295.  Alarmed by Nationstar's failure to respond to debtors' objection after filing a timely proof of claim, the court further admonished:

> Although Nationstar's predecessor-in-interest did not have to file a proof of claim to preserve its lien, it chose to do so, thereby subjecting itself to the jurisdiction of the Bankruptcy Court and its rules. Nationstar's predecessor-in-interest therefore should have remained vigilant in defending the validity of its lien once Debtors filed an objection instead of deciding, without warning, that it would rely on the longstanding rule that
> (continued...)

-18-

### c. Someone still holds a valid lien against the Property.

Under California law, the deed of trust follows the note it secures. See Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 927 (2016) (deed of trust follows the note it secures even without a separate assignment). Once it was adjudicated that BONY lacked standing and could not enforce the note, it was also necessarily determined that BONY did not have the right to enforce the deed of trust — i.e., the first-position lien. So, even though BONY no longer had the ability to enforce the note and deed of trust, the logical conclusion is that someone must have had that right.

In this circumstance, the "true" lienholder never subjected itself to the bankruptcy court's jurisdiction by filing a proof of claim; nor was this never-filed claim deemed disallowed. Under California law, the person who had standing and could enforce the note still holds what must be presumed to be a valid lien. See Dewsnup, 502 U.S. at 417-18 (liens pass through bankruptcy unaffected). In the Lien Avoidance action, Lane served only BONY and asked the court to avoid **BONY's** first-position lien. However, the legal determination established as a result of Lane's actions

---

[7](...continued)
a creditor can ignore the claims allowance process without losing its *in rem* rights. **Indeed, it is only because no determination was made as to the validity of Nationstar's lien and the fact that Debtors conceded that Nationstar holds a valid perfected mortgage lien that Nationstar does not now face the same consequences as the creditor in Blendheim**.

Id. at 296 (emphasis added).

-19-

and BONY's inaction was limited and specific; BONY did not have the right to enforce the first lien to collect on an obligation that Lane conceded he owed to some party. Therefore, Lane failed to notice the proper lienholder of his intent to avoid the lien under § 506(d), and the bankruptcy court violated an unknown party's due process rights by expunging its deed of trust without notice and an opportunity to be heard. See Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870 (9th Cir. BAP 2004) (due process requires that a party must receive sufficient notice of any potentially adverse action and the opportunity to be heard).

Because the bankruptcy court could not void a lien belonging to a party not before it, it erred in granting Lane summary judgment and voiding the first-position lien under § 506(d). Thus, the first-position lien remains against the Property, notwithstanding the final determination that BONY could not enforce it. We realize this outcome puts the parties in a bit of a quandary, albeit one of their own making. The outcome here is dictated by their conduct or lack thereof and the unique facts of the case, including Lane's objection to a claim that included evidence of BONY's standing, BONY's failure to defend its claim and the entry of a default order sustaining the claim objection on these facts.

**B.    The bankruptcy court did not abuse its discretion in denying BONY's 56(d) Motion.**

To justify a continuance of summary judgment under Civil Rule 56(d), the movant must:  (1) set forth in affidavit form the specific facts it hopes to elicit through further discovery; (2) show the facts sought exist; and (3) show that the sought-

after facts are essential to oppose summary judgment. Family Home & Fin. Ctr. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008); Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989) (party seeking postponement of summary judgment motion must "show how additional discovery would preclude summary judgment and why [it] cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact.") (citing former Civil Rule 56(f)).  The party seeking to conduct additional discovery has the burden to put forth sufficient facts to show that the evidence sought exists. Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

The bankruptcy court determined that BONY failed to meet any of the elements for granting a continuance under Civil Rule 56(d). First, BONY failed to state with any specificity what evidence it hoped to obtain.  Second, BONY failed to establish that the evidence it sought actually existed.  Finally, BONY failed to establish that it could obtain evidence of a material fact to negate Lane's claim under § 506(d) and preclude summary judgment. We agree.  Not only was BONY's 56(d) Motion deficient, which was sufficient grounds to deny it, the evidence BONY was seeking, namely facts establishing Lane's intent and that his Claim Objection lacked any factual or legal basis to support it, was nothing more than an improper collateral attack on the final, unappealed Claim Disallowance Order.

Accordingly, we conclude that the bankruptcy court did not abuse its discretion when it denied BONY's 56(d) Motion.

**C. The bankruptcy court abused its discretion in awarding Lane attorney's fees under Cal. Civ. Code § 1717.**

California Civil Code § 1717[8] makes reciprocal an otherwise unilateral contractual obligation to pay attorney's fees. Santisas v. Goodin, 17 Cal. 4th 599, 610-11 (1998). The parties agree that Cal. Civ. Code § 1717 provided the only basis for Lane (or BONY) to recover attorney's fees.[9] Three conditions must be met before the statute applies: (1) the action in which the fees are incurred must be an action on a contract; (2) the contract must contain a provision stating that attorney's fees incurred to enforce the contract shall be awarded either to one of the parties or to the prevailing party; and (3) the party seeking fees must be the party who prevailed on the contract. Penrod v. AmeriCredit Fin. Servs., Inc. (In re Penrod), 802 F.3d 1084, 1087-88 (9th Cir. 2015). An action is "on a contract" when a party seeks to enforce, or avoid enforcement of, the provisions of the contract. Id. at 1088.

The bankruptcy court, applying Penrod, concluded that the Claim Objection, Reconsideration Motion and Lien Avoidance action

---

[8] Cal. Civ. Code § 1717 provides, in relevant part:

In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).

[9] The contractual basis for fees is found in the unilateral attorney's fees provision in Paragraph 9 of the deed of trust.

-22-

were actions on a contract. It further concluded that Lane was the prevailing party for both the Reconsideration Motion and Lien Avoidance action. Accordingly, Lane could recover all of his fees under Cal. Civ. Code § 1717. Even assuming the Lien Avoidance action was an action "on a contract," as determined above, Lane is not the prevailing party. Accordingly, the bankruptcy court abused its discretion by awarding Lane his attorney's fees for that action under Cal. Civ. Code § 1717.

On the other hand, Lane was successful on the Reconsideration Motion. However, even again assuming that the bankruptcy court correctly determined it was an action "on a contract" and that fees could be awarded under Cal. Civ. Code § 1717, the court applied an incorrect standard of law to award Lane his attorney's fees. As relevant here, Civil Rule 54(d)(2), incorporated by Rule 7054, requires that a motion for attorney's fees be filed within 14 days after the entry of judgment. The 14-day period is not jurisdictional and may be waived for cause, particularly where there has been no prejudice to the opposing party. Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 889-90 (9th Cir. 2000).

It is undisputed that Lane's fee motion was untimely filed with respect to the Reconsideration Motion. Whether to allow an untimely motion for attorney's fees is within the discretion of the court. Petrone v. Veritas Software Corp. (In re Veritas Software Corp. Sec. Litig.), 496 F.3d 962, 973-74 (9th Cir. 2007) (holding that district court did not abuse its discretion by finding that a fee motion filed 15 days late was untimely, but also holding that the district court would not have abused its discretion in granting the fee motion).

-23-

In a case of an untimely motion for attorney's fees under Civil Rule 54(d)(2)(B), the Ninth Circuit requires the court to apply Civil Rule 6(b)(1)(B), applicable here by Rule 9006(b)(1). Id. at 973. The court should grant the motion only when the moving party missed the deadline due to "excusable neglect." To determine whether neglect is excusable, the court must consider the four factors set forth in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993). Id. See also Farris v. Ranade, 584 Fed. App'x 887, 890 (9th Cir. 2014) (applying "excusable neglect" standard and Pioneer factors to untimely motion for attorney's fees under Civil Rule 54(d)(2)(B)).

The bankruptcy court did not apply this standard before awarding Lane his attorney's fees for the Reconsideration Motion. Therefore, it additionally abused its discretion by applying an incorrect standard of law for these fees.

## VI. CONCLUSION

We REVERSE the MSJ to the extent the bankruptcy court voided the first-position lien under § 506(d), and we REVERSE the court's later judgment voiding the lien. We AFFIRM the court's decision to deny BONY's 56(d) Motion and to not grant a continuance of the MSJ. Finally, because Lane was not the prevailing party in the Lien Avoidance action, and because the court applied an incorrect legal standard to award Lane his attorney's fees for the Reconsideration Motion, we REVERSE the Fee Order awarding Lane all of his attorney's fees under Cal. Civ. Code § 1717.

-24-