**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY ALEXANDER, | No. 19-15824 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00139-APG-NJK |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| EQUIFAX INFORMATION SERVICES, LLC; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 16, 2020**
San Francisco, California

Before: HAWKINS and PAEZ, Circuit Judges, and RESTANI,*** Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

In this action arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, Appellant Bobby Alexander ("Alexander") appeals from the district court's orders granting summary judgment in favor of Appellee Experian Information Solutions, Inc. ("Experian") and denying Alexander's post-judgment motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and after careful *de novo* review, *see Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755 (9th Cir. 2018), we affirm.[1]

In 2011, Alexander was notified that the mortgage account on his primary residence was in default. Thereafter, Alexander petitioned for a voluntary Chapter 13 bankruptcy, identified the lender as a secured creditor, and the bankruptcy court confirmed the plan on May 17, 2012. In June 2012, the lender's agent served Alexander with a notice of trustee's sale and then sold the property to a third party at a public auction in July 2012 – a process that Nevada law defines as a foreclosure. *See Benko v. Quality Loan Serv. Corp.*, 454 P.3d 1263, 1267 (Nev. 2019) (*en banc*).

After the bankruptcy was completed in July 2016, Alexander requested and received a consumer report disclosure from Experian, a Credit Reporting Agency ("CRA") subject to the FCRA. *See* 15 U.S.C. §§ 1681a(d), (f), 1681g(a). Experian

---

[1] We are unpersuaded by Experian's argument that Alexander lacks Article III standing. Sections 1681e and 1681*i* of the FCRA were enacted to protect consumers' concrete reputational interests, and Alexander alleges economic damages stemming from the alleged violations.

prepared a consumer report, indicating correctly that the mortgage account was past due for several months in 2012 and was foreclosed in July 2012, and sent the report to Alexander. Alexander disputed these notations, asserting that he had no payment obligations to the lender in 2012 and that there was no foreclosure in July 2012. He did not apprise Experian of his May 2012 bankruptcy. Pursuant to its statutory obligation, *see id.* § 1681*i*(a)(1), Experian reinvestigated the disputed account and, in October 2016, communicated the results of its reinvestigation to Alexander.

With benefit of counsel, Alexander sought compensatory, statutory, and punitive damages, together with attorney's fees and costs, for Experian's allegedly negligent and willful noncompliance with the FCRA. *See id.* §§ 1681n(a), 1681*o*(a). The complaint alleges that Alexander's confirmed bankruptcy plan absolved his personal liability on the mortgage account as of May 2012, so Experian's foreclosure reporting as to the account was both incorrect and materially misleading, *see id.* §§ 1681e(b), 1681*i*, and that the format of Experian's communications was incomprehensible. *See id.* § 1681g(a).

Each contention fails as a matter of law. First, a Chapter 13 bankruptcy does not affect a secured creditor's interests in a debtor's primary residence, even if the secured accounts are listed in the debtor's confirmed bankruptcy plan. *See Dewsnup v. Timm*, 502 U.S. 410, 417 (1992); *In re Lane*, 589 B.R. 399, 404 (B.A.P. 9th Cir. 2018). Second, to prevail on a section 1681g claim, a plaintiff must demonstrate

3

that the CRA's disclosures would not be "understandable to the average consumer." *Shaw*, 891 F.3d at 759 (internal quotation marks omitted). Alexander has not provided evidence demonstrating that Experian's communications are unclear or inaccurate to a reasonable consumer; evidence that he alone misunderstands them is insufficient. *See id.* (citing 15 U.S.C. § 1681g(a)). Accordingly, the district court properly entered summary judgment in Experian's favor on both scores.

Additionally, Alexander raised a novel allegation in his summary judgment briefing: that Experian's foreclosure notations in *both* June 2012 *and* July 2012 violated sections 1681e and 1681*i*. Under Federal Rule of Civil Procedure 8(a)(2), allegations in a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (internal quotation marks omitted). Alexander's complaint alleges only that Experian failed to consider the bankruptcy's purported legal effect upon his personal repayment obligations to the lender, and thus gave Experian no notice of the new allegations that he presented for the first time at summary judgment. Nor did Alexander seek leave to amend his complaint. Accordingly, the district court properly declined to consider the merits of Alexander's dual-notation argument.

Because the district court committed no legal error in granting Experian's motion for summary judgment, it did not abuse its discretion in denying Alexander's

4

motion for reconsideration.  *See Micha v. Sun Life Assurance of Can., Inc.*, 874 F.3d 1052, 1056 (9th Cir. 2017).

**AFFIRMED.**